UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                                    Criminal No. 06-231 PAM/AJB

             Plaintiff,

v.                                                           **REPORT AND RECOMMENDATION**

STEPHEN RICHARDS BARKER,

             Defendant.

Michael L. Cheever, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

Douglas H.R. Olson, Esq., for the defendant, Stephen Richards Barker.

This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on October 24, 2006, at the U.S. Courthouse, 180 East Fifth St., St. Paul, MN 55101. The Court issued an Order on Motions dated October 25, 2006, reserving defendant Stephen Richards Barker's motions to suppress evidence and motions to dismiss the indictment for submission to the district court on report and recommendation.

Based upon the file and documents contained therein, along with witness testimony and exhibits received at hearing, the magistrate judge makes the following:

**Findings**

        **Search Warrant.** On July 20, 2004, United States Magistrate Judge Susan Richard Nelson issued a warrant to search a particularly described location in McGregor, Minnesota (Hearing Exh. No. 1), further identified in the supporting affidavit (Hearing Exh. No. 2) as the residence of

defendant Stephen Richards Barker.  The search warrant identified the objects of the warrant as bank documents, including statements, checks, mortgage documents and wire transfers; brokerage account records; personal and business receipts, tax returns, insurance policies and income-related documents; real estate records; client lists and address books; travel documents; photos and videos; documents and items evidencing asset transfers; correspondence with and between particularly identified individuals; and written materials relating to tax avoidance.  The warrant was issued on the basis of probable cause contained in the Affidavit of IRS Special Agent Timothy J. Nichols, including information obtained as a result of collateral investigations, including search warrant executions, review of IRS files and records, public records reviews, and surveillance.

      **Statements.**  On the morning of July 21, 2006, IRS Special Agent Timothy Nichols contacted defendant Stephen Richards Barker by telephone in an effort to interview the defendant prior to execution of a warrant to search defendant's home.  Nichols was at or near the search location in McGregor, a town in northern Minnesota.  When he reached the defendant the agent identified himself and learned that Mr. Barker was in Minneapolis at the time.  The agent advised Barker of the intended warrant execution and asked where a key to the residence might be found so that forcible entry would not be required.  Mr. Barker became quite upset upon hearing about the search warrant and the agent hung up on him when the defendant proceeded to express his outrage.  Shortly thereafter the defendant returned the agent's call and advised the agent as to where a key to the residence could be found.  The defendant further indicated that he would come to the agent's office the following morning.  In the course of searching the residence agents discovered a security safe and Special Agent Nichols therefore made another call to the defendant in an effort to obtain the combination to the safe.  Barker

stated at that time that he did not recall the combination and the call was terminated, but the defendant later called the agent back and provided the combination so that drilling the safe would not be required to get it open. At that time defendant Barker and agent Nichols scheduled a meeting for 1:00 p.m. the next day at the IRS offices in Minneapolis.

The defendant met with Special Agent Nichols and Special Agent Ken Frey in an interview room at the Minneapolis offices of the IRS on July 22, 2006. The room was approximately six feet by eight feet in size and contained a table, four chairs and a telephone. It was located immediately off a public lobby area. In addition to the door from the lobby which remained unlocked, there was a second locked door that provided access to IRS interior office space. The agents met the defendant in the lobby and went into the interview room from the lobby. The agents wore suits and ties and were armed, but their weapons were not displayed. The defendant was not arrested and was not charged. He was informed that he was the subject of an investigation. He was not told that he had to stay for an interview; he was not placed in handcuffs; and he was not otherwise confined. An interview was conducted and lasted approximately two-and-a-half hours. It ended when defendant stated that he had to leave for an appointment. Mr. Barker requested copies and some original documents that had been seized and was advised to contact AUSA Mike Cheever in that regard. Defendant made no request that the interview cease and he made no request for the assistance of counsel prior to indicating that he had to leave, though he told the agents that a legal advisor named Doug had advised him not to speak with the agents and to assert the Fifth Amendment. The tone of the interview discourse was conversational. Defendant was provided some copies, and he requested that agents not contact clients in their investigation.

On May 5, 2003, Mr. Barker participated in a telephone interview initiated by IRS Special Agent Scott McGeachy.  Agent McGeachy was located in Portland, Oregon, and he contacted Mr. Barker in regards to a criminal investigation being conducted through the Portland, OR, offices of the IRS.  Barker provided responses to questions posed by agent McGeachy.  The interview lasted approximately 45 minutes and Mr. Barker was not in custody before, during, or after the interview.  Agent McGeachy prepared a Memorandum of Interview following the interview  (Hearing Exh. No. 3).

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Search Warrant.**  Evidence seized pursuant to a warrant to search a particularly described location in McGregor, Minnesota  (Hearing Exh. No. 1), was not unlawfully obtained in violation of the constitutional rights of defendant Stephen Richards Barker.  The residence search warrant was issued on July 20, 2004, and was based upon sufficient probable cause as stated in the Affidavit of IRS Special Agent Timothy J. Nichols and as determined by United States Magistrate Judge Susan Richard Nelson.  The warrant properly and sufficiently identified the location of the search and the items to be seized.  The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**Statements.**  Statements made by defendant Stephen Richards Barker to Special Agents Nichols and Frey in an interview at IRS offices on July 22, 2006, were given voluntarily and were not custodial, and suppression is not required.  The defendant was not under arrest at the time statements were made and was not arrested following the interview.  He was not confined in any manner; he was free to leave at any time during the interview; and he left the interview for his own

reasons and without interference from agents. Defendants statements were not solicited in violation of his right to remain silent or right to the presence of an attorney during questioning. There was no coercion, and the statements were not a product of custodial interrogation. Defendant's freedom to depart was not inhibited and the interview did not take place in a coercive environment. See: Oregon v. Mathiason, 429 U.S. 492 (1977).

Likewise, defendant Stephen Richards Barker's statements to IRS Special Agent Scott McGeachy in a telephone interview on May 5, 2003  (Hearing Exh. No. 4), were given voluntarily and were not custodial. The statements were not solicited in violation of defendant's right to remain silent or right to the presence of an attorney during questioning. The statements were not the product of coercion and suppression is not required.

**Dismissal of Indictment on PRA Grounds.** Dismissal of the indictment on grounds that the IRS violated the Paperwork Reduction Act by failing to provide proper OMB numbers for Forms 1040 is not required. The Paperwork Reduction Act may provide a defense to information requests made pursuant to agency regulation, but the PRA provides no defense with respect to violation of a statutory duty imposed by Congress, including the duty to file a tax return. United States v. Hicks, 947 F.2d 1356, 1359 (9th Cir. 1991)(filing a tax return is a legislative mandate, not an administrative request and the PRA was not designed to provide criminals with an all-purpose escape hatch); James v. United States, 970 F.2d 750, 753-54 n.6 (10th Cir. 1992)(lack of OMB number on IRS notices and forms not a PRA violation); United States v. Neff, 954 F.2d 698, 699 (11th Cir. 1992)(PRA requirement does not abrogate duty imposed by Congress); United States v. Kerwin, 945 F.2d 92 (5th Cir. 1992)(PRA does not apply to statutory duty to file tax return); see also United States v. Wunder,

5

919 F.2d 34, 38 (6th Cir. 1990) and <u>Salberg v. United States</u>, 969 F.2d 379, 383-84 (7th Cir. 1992). Defendant's motion to dismiss on PRA grounds should be denied.

**Dismissal of Indictment on Statute of Limitations Grounds.** Dismissal of the indictment on grounds that the prosecution is barred by a six-year statute of limitations for tax offenses is not required. An indictment alleging tax evasion is timely so long as it is returned within six-years of an affirmative act of evasion. <u>United States v. DeTar</u>, 832 F.2d 1110, 1113 (9th Cir. 1987)(citing <u>United States v. Andros</u>, 484 F.2d 531, 532-33 (9th Cir. 1973)(period of limitations begins to run not when taxes are assessed or payment becomes due, but when failure to pay the tax becomes wilful) and <u>United States v. Trownsell</u>, 367 F.2d 815, 816 (7th Cir. 1966)). Notwithstanding defendant's unsupported argument to the contrary, the six-year period of limitations "begins to run on the date of the last evasive act." <u>United States v. Anderson</u>, 319 F.3d 1218, 1219 (10th Cir. 2003). The indictment in this case alleges numerous affirmative acts of evasion which occurred within the six-year period immediately prior to the indictment and defendant's motion to dismiss on statute of limitations grounds should therefore be dismissed.

**Dismissal of Indictment–Nontaxable Income.** Dismissal of the indictment on grounds that the charges relate to income that is not subject to United States federal income tax is not required. <u>United States v. Richards</u>, 723 F.2d 646, 647 (8th Cir. 1983)(the term income is defined according to its everyday usage and is interpreted to include gain derived from capital, from labor, or from both combined). Defendant's lengthy dissertation as to Congress' intent in imposing a tax on foreign and/or domestic income may be fodder for taxpayer protest meetings and Internet chat room discussion, but it is far more representative of fanciful and wishful thinking than legal argument. The

general theory that income for tax purposes does not include gains from sources within the United States is wholly unsupported by persuasive legal authority on the issue of whether the defendant may be held criminally liable for failure to pay income tax. Defendant's motion to dismiss on non-taxable income grounds should be denied.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Stephen Richards Barker's Motion to Dismiss Indictment Based on the PRA be **denied** [Docket No. 42];

2. Defendant Stephen Richards Barker's Motion to Dismiss–Statute of Limitations be **denied** [Docket No. 44];

3. Defendant Stephen Richards Barker's Motion to Dismiss Indictment–Nontaxable Income be **denied** [Docket No. 46];

4. Defendant Stephen Richards Barker's Motion to Suppress Statements be **denied** [Docket No. 49]; and

5. Defendant Stephen Richards Barker's Motion to Suppress Physical Evidence be **denied** [Docket No. 50].

Dated:   November 1, 2006

    s/ Arthur J. Boylan
Arthur J. Boylan

United States Magistrate Judge

Pursuant to Local Rule 72.2(a), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before November 16, 2006.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.