UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                  Crim. No. 06-231 (PAM/AJB)

               Plaintiff,

v.                                                                      **MEMORANDUM AND ORDER**

Stephen Richards Barker,

               Defendant.

This matter is before the Court on Defendant's Objections to the Report and Recommendation ("R&R") of Magistrate Judge Arthur J. Boylan, dated November 1, 2006. The R&R recommends that the Court deny all of Defendant's dispositive motions.[1] Defendant objects only to the recommendations to deny his three Motions to Dismiss the Indictment. As required, the Court has conducted a de novo review of the record. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based on that review and after carefully considering the Objections, the Court concurs with the conclusions of the Magistrate Judge and adopts the R&R.

**BACKGROUND**

Defendant is charged with four counts of tax evasion in violation of 26 U.S.C. § 7201. The Indictment alleges that he underpaid his federal income taxes in 1994, and that he completely failed to file federal income tax returns in 1995, 1996, and 1997. In December

---

[1] Defendant filed three separate Motions to Dismiss the Indictment, a Motion to Suppress Statements, and a Motion to Suppress Physical Evidence. He does not object to the recommended denials of the Motions to Suppress.

1999, the Internal Revenue Service (IRS) assessed Defendant with $2,270,870.68 in federal income taxes, penalties, and interest. The IRS notified him in March 2000 that it intended to place a levy on his assets to collect the debt. The Indictment further alleges that from 1997 through July 2006, Defendant willfully attempted to evade paying the amount owed by concealing his assets and income.

**DISCUSSION**

**A.     Motion to Dismiss the Indictment Based on the Paperwork Reduction Act**

Defendant contends that the IRS violated the Paperwork Reduction Act (PRA), 44 U.S.C. § 3501 et seq., by failing to issue new Office of Management and Budget (OMB) control numbers on its forms every three years. Thus, according to Defendant, IRS Form 1040 is legally invalid, which requires the Court to dismiss the Indictment. Courts have repeatedly and consistently rejected this legally frivolous argument. See, e.g., Salberg v. United States, 969 F.2d 379, 384 (7th Cir. 1992); United States v. Neff, 954 F.2d 698, 699-700 (11th Cir. 1992); United States v. Hicks, 947 F.2d 1356, 1359 (9th Cir. 1991); United States v. Kerwin, 945 F.2d 92, 92 (5th Cir. 1991); United States v. Wunder, 919 F.2d 34, 38 (6th Cir. 1990). The PRA does not nullify the statutory obligations to file tax returns and to pay taxes due. Thus, the Court denies Defendant's Motion to Dismiss the Indictment Based on the PRA.

**B.      Motion to Dismiss the Indictment Based on the Statute of Limitations**

Defendant seeks to dismiss the Indictment because some of the acts alleged in the Indictment fall outside the six-year statute of limitations applicable to this case. However, an indictment alleging tax evasion is timely if at least one affirmative act of evasion occurred within the six-year time period. See United States v. DeTar, 832 F.2d 1110, 1113 (9th Cir. 1987) ("Even if the taxes evaded were due and payable more than six years before the return of the indictment, the indictment is timely so long as it is returned within six years of an affirmative act of evasion.") (citing United States v. Andros, 484 F.2d 531, 532-33 (9th Cir. 1973); United States v. Trownsell, 367 F.2d 815, 816 (7th Cir. 1966)); see also United States v. Anderson, 319 F.3d 1218, 1219 (10th Cir. 2003) (holding that "the statute of limitations begins to run on the date of the last affirmative act of evasion."). The Indictment in this case alleges acts of evasion occurring within six years of July 25, 2006, which is the date the grand jury returned the Indictment. Accordingly, the Motion to Dismiss the Indictment Based on the Statute of Limitations is denied.

**C.      Motion to Dismiss the Indictment Based on Belief of Non-Taxable Income**

Finally, Defendant claims that his unreported income was not taxable. He argues that the Constitution prohibits Congress from imposing an income tax on citizens who live and work exclusively in the United States. This specious argument is utterly devoid of merit. The federal income tax code is valid and constitutional. See, e.g., United States v. Bartrug, 777 F. Supp. 1290, 1291-92 (E.D. Va. 1991) (citing United States v. Sloan, 939 F.2d 499, 499-501 (7th Cir. 1991); United States v. Connor, 898 F.2d 942, 943-44 (3d Cir. 1990)); see

also <u>Broughton v. United States</u>, 632 F.2d 706, 707 (8th Cir. 1980) ("Income includes wages or compensation received for services performed . . . ."). Defendant has not shown that the imposition of the income tax and assessments violated any constitutional right, and thus, he had not shown that his income was non-taxable. The Motion to Dismiss the Indictment Based on Belief of Non-Taxable Income is denied.

**CONCLUSION**

The Court has conducted a de novo review of the record and Defendant's Objections. Based on that review, **IT IS HEREBY ORDERED** that:

1. The Motion to Dismiss the Indictment Based on the PRA (Docket No. 42) is **DENIED**;

2. The Motion to Dismiss the Indictment Based on the Statute of Limitations (Docket No. 44) is **DENIED**;

3. The Motion to Dismiss the Indictment Based on Belief of Non-Taxable Income (Docket No. 46) is **DENIED**;

4. The Motion to Suppress Statements (Docket No. 49) is **DENIED**;

5. The Motion to Suppress Physical Evidence (Docket No. 50) is **DENIED**;

6. The R&R (Docket No. 58) is **ADOPTED**; and

7.      Defendant's Objections (Docket No. 60) are **OVERRULED**.

Dated:  November 30, 2006

                                                  s/ Paul A. Magnuson  
                                                  Paul A. Magnuson  
                                                  United States District Court Judge